UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE FURNITURE MART USA, INC. DATA BREACH LITIGATION<br><br>Defendant. | 4:25-CV-04018-RAL<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, on behalf of themselves and all others similarly situated, and Defendant have entered into a Settlement Agreement and Release, dated April 21, 2026 (Settlement Agreement) that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, it is hereby

ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel.

Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement Agreement were negotiated and finalized. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CLASS CERTIFICATION**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows: All individuals residing in the United States whose Personal Information was potentially compromised in the Data Breach.

Excluded from the Class are: (i) Defendant and any of its parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; (ii) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (iii) any and all federal, state, or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; (iv) the attorneys representing the Parties in the Lawsuit; (v) all judges assigned to hear any aspect of the Lawsuit, as well as their immediate family members; and (vi) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the potential Data Breach, or who pleads nolo contendere to any such charge.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is

comprised of thousands of individuals; there are questions of law or fact common to the Settlement Class; Plaintiffs' claims are typical of those of Settlement Class Members; and Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Plaintiffs Christine Logan, Gabriel Hilmar, and Austin Hinkle as the class representatives for the Settlement Class. The Court provisionally finds that Plaintiffs are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate class representatives.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Brett Waltner of Myers Billion, LLP; Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP; and William B. Federman of Federman and Sherwood.

## NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated Epiq Class Action and Claims Solutions, Inc, (Epiq) as the Claims Administrator. Epiq shall perform all the duties of the Settlement Administrator set forth in the Claims Agreement.

11. The Court finds that the proposed notice program set forth in the Settlement Agreement satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provides the best notice practicable under the circumstances. The notice program is reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the

Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of the Long Form Notice, Claim Form and Short Form Notice.

**EXCLUSION AND OBJECTIONS**

14. Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, as provided in the Settlement Agreement, and postmarked no later than September 13, 2026 (60 days after Notice Deadline). The request for exclusion (or Opt-Out) must be in writing and clearly manifest the individual's intent to be excluded from the Settlement Class. People wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. All requests for exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the Court in accordance with the procedures outlined in the Settlement Agreement and Long Form Notice by September 13, 2026 (60 days after Notice Deadline), it must be in writing, postmarked by the Objection Date, filed with/or mailed to the Court and the Settlement Administrator and must include: (i) the objector's full name, address, telephone number, and email address (if any); (ii) the case name and case number; (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of original notice of the Data Breach or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will personally appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the notice program and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

**FINAL APPROVAL HEARING**

18. The Court will hold a Final Approval Hearing. The parties should reach out to this Court's chambers to schedule this hearing.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of Plaintiffs as class representatives should be made final; (e) Class Counsel's motion for attorneys' fees and litigation expenses should be granted; (f) the Service Awards sought for Plaintiffs should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (i) the Settling Parties shall be restored to their respective positions in the Lawsuit and shall jointly request that all scheduled Lawsuit deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

**SETTLLEMENT TIMELINE**

| Event | Deadline |
|---|---|
| Settlement Website available for viewing | Prior to commencing Notice Program |
| Defendant to deliver the Class Member Information to Settlement Administrator | 7 days after Preliminary Approval Order |
| Notice Program Begins (Short Form Notice Sent) | 30 days after Preliminary Approval Order (Notice Deadline) |
| Deadline to file Claims Forms | 90 days after the Notice Deadline (Claims Deadline) |
| Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards | 14 days prior to Opt-Out Deadline |
| Opt-Out Deadline | 60 days after Notice Deadline |
| Objection Deadline | 60 days after Notice Deadline |
| Final Approval Hearing | To be set by this Court after consultation with counsel |

DATED this 15th day of June, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE